# EXHIBIT 2

(to *Ex Parte* Application of Mauricio Mota For An Order To Take Discovery For Use In Foreign Proceedings Pursuant To 28 U.S.C. § 1782, dated December 13, 2019)

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| IN RE: APPLICATION OF MAURICIO MOTA FOR<br>AN ORDER TO TAKE DISCOVERY FOR USE IN<br>FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. 1782,<br><br>Applicant. | )<br>)<br>)<br>)<br>)  Misc. Case No.  _____<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

J.P. Morgan Chase & Co.

To: _____
270 Park Avenue, New York, New York 10017
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: HINE & OGULLUK LLP<br>      30 Wall Street, 8th Floor<br>      New York, NY 10005  (212) 300-7390 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

                        *CLERK OF COURT*

            _____          -OR-          _____
            *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  *Applicant Mauricio*
*Mota*_____, who issues or requests this subpoena, are:

William J. Hine, Sevan Ogulluk, Brian W. Hine, HINE & OGULLUK LLP, 30 Wall Street, 8th Floor, NY, NY 10005 (212) 300-7390

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Misc. Case No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                              .

❏  I served the subpoena by delivering a copy to the named person as follows:


on *(date)*                              ; or

❏  I returned the subpoena unexecuted because:


.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                              .

My fees are $                        for travel and $                    for services, for a total of $       0.00       .


I declare under penalty of perjury that this information is true.


Date:  _____

                                                   _____
                                                            *Server's signature*

                                                   _____
                                                            *Printed name and title*


                                                   _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A TO SUBPOENA TO J.P. MORGAN CHASE & CO.**

<u>**DEFINITIONS**</u>

This schedule incorporates by reference, as though fully set forth herein, the definitions and rules of construction set forth in Local Civil Rule 26.3 (Uniform Definitions in Discovery Requests) of the Local Rules of the United States District Court for the Southern District of New York. In addition, whenever the following words or phrases are used in this Schedule, they shall be deemed to mean the following:

1.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2.      "Communication" or "communications" means the transmittal of information by any means, oral or written, in the form of facts, ideas, and inquiries or otherwise.

3.      The terms "concerning," "concerns," "relating to," "referring to," "pertaining to," "reflecting," "evidencing," and "constituting" are used, for the purpose of this Subpoena, as equivalent terms, each including the others.

4.      "Document" or "documents" includes, but is not limited to, all accounts, accounting journals, addenda, advertising materials, agreements, analyses, bids, bills, blueprints, books, bulletins, calendars, canceled checks, cashbook, charts, checkbooks, check stubs, chronicle, computer software, contracts, contract memoranda, memoranda of conversations or communications, correspondence, delivery tickets, diagrams, diaries, drawings, electronic mail, estimates, facsimile sheets, financial statements, flow sheets, forms, graphs, index, index sheets, internal communications, instant messages, inter-office directives, invoices, job cost records, journals, ledgers, letters, lists, logbooks, magnetic tapes, manuals, maps, memoranda, microcards, microfilms, minutes, notes, orders, outlines, papers photographs, plans, price lists, printouts, proposals, purchase orders, quotations, Quickbook records, records, renderings, reports, requests, requisitions, schedules, sketches, statements, studies, summaries, tapes, telegrams, telephone bills, telephone message slips, text messages, time sheets, transcripts, transmittals, travel and expense accounts, vellums, videotapes, vouchers, work orders and worksheets in your possession, custody, or control, or known to you, whether or not prepared by you. "Document" or "documents" also includes all copes which are not identical with the original. In addition, each request should be considered as including all copies, and to the extend applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of document but not on the original or other copies thereof).

5.      The term "including" shall mean including without limitation.

6.      "Person" refers to a New York natural person or any legal entity, including, without limitation, any business or governmental entity or associations, including a governmental agency, corporation, partnership, sole proprietorship, trust, or business entity in any form.

7.      "JPMC" shall mean JPMorgan Chase & Co. (NY Department of State ID#: 271359) and/or any parent company, subsidiary company, affiliated company, representatives, members, employees, agents, directors, officers, accountants, consultants, and/or attorneys to include, but not limited to, JPMorgan Chase Bank, N.A.; J.P. Morgan Bank Luxembourg S.A.; JPMorgan Chase Holdings LLC; and/or J.P. Morgan Investment Management Inc.

8.      "Blessed Holdings LLC" shall mean the Delaware limited liability company by the same name and any of its representatives, agents, accountants, consultants, and attorneys to include,

but not limited to, its member The Graal Trust (as well as (i) The Graal Trust's trustee, The Private Trust Corporation Limited of Charlotte House, Charlotte Street, P.O. Box N-65, Nassau, Bahamas; (ii) Demilton Castro and/or Florisvaldo Caetano de Oliveira; and/or (iii) Platinum Administration S.A. of Via G.B. Pioda 12 – CP 6275 – CH-6900 Lugano, Switzerland) and/or its managers Andrea Prospero and/or Gilberto Souza Biojone Filho.

9.     "Blessed Holdings Inc." shall mean the New York business corporation with N.Y. Department of State Identification Number 5584859 and any of its representatives, members, employees, agents, officers, directors, accountants, consultants, and attorneys.

10.     "Blessed Holdings Cayman" shall mean the Cayman Island corporation by the same name and any of its representatives, members, employees, agents, officers, directors, accountants, consultants, and attorneys to include, but not limited to, its director Lighthouse Capital Management.

11.     "Joesley Batista" shall mean Joesley Mendonça Batista, a Brazilian citizen, bearer of the passport number FK423328, issued by the Brazilian government, with birth date February 5, 1972 and/or his spouse and/or children.

12.     "Wesley Batista" shall mean Wesley Mendonça Batista, a Brazilian citizen, bearer of the passport number F0335462, issued by the Brazilian government, with birth date April 9, 1970 and/or his spouse and/or children.

13.     "Lighthouse Capital Insurance Company" shall mean the Cayman Islands international life insurance company by the same name and/or any of its parent companies, subsidiary companies, affiliated companies, representatives, members, employees, agents, officers, directors, accountants, consultants, and/or attorneys.

14.     "US Commonwealth Life" shall mean U.S. Commonwealth Life, A.I., a Puerto Rico international life insurance company and/or any of its parent companies, subsidiary companies, affiliated companies, representatives, members, employees, agents, officers, directors, accountants, consultants, and/or attorneys.

15.     "JBS" shall mean JBS S.A. and/or any of its parent companies, subsidiary companies, affiliated companies, representatives, members, employees, agents, officers, directors, accountants, consultants, and/or attorneys to include, but not limited to: J&F Investimentos S.A.; ZMF Participacoes Investimento Fund; JBS Global Luxembourg S.A.R.L.; JBS Wisconsin Properties, LLC; JBS Wisconsin LLC; JBS Ansembourg Holding S.A.R.L.; JBS Luxembourg S.A.R.L.; JBS Holding Luxembourg S.A.R.L.; JBS Petrussa Finance S.A.R.L.; JBS USA Lux S.A.; JBS USA Holdings, Inc.; JBS USA Food Co.; JBS Global UK; JBS Food Canada ULC; JBS La Rochette S.A.R.L.; JBS Australia Pty Ltd.; JBS USA Food Company Holdings; Pilgrims Pride Corp.; Pilgrim's Pride Co.; Moy Park Holdings (Europe) Ltd.; FB Participacoes S.A.; Beef Brazil; Friboi S/A; Seara Foods; Primo Smallfoods; Burcher PTY Ltd.; Rigamonti; Toledo; Meat Snacks; Swift Beef Company; and/or Swift Pork Company.

16.     "Bertin" shall mean the Bertin Group and/or any parent company, subsidiary companies, affiliated companies, representatives, members, employees, agents, officers, directors, accountants, consultants, and/or attorneys to include, but not limited to: Bertin S/A; Bertin Fundo de Investimento em Participacoes (a/k/a Bertin FIP); Bertin Meatpacking; Herber Participacoes S/A; Tinto Holdings Ltd.; Bracol Holding Ltd.; and/or the Pinheiros Investment and Participation Fund.

## INSTRUCTIONS

1.     Unless otherwise specified (or subsequently agreed by the parties or ordered by the Court), these requests seek documents created from 2007 to the present.

2.      In response to these items to be produced, you are required to produce all responsive documents in your possession, custody, or control, including documents in the possession of, or available or accessible to, you or your representatives, members, employees, officers, directors, agents, accountants or attorneys.

3.      A document is deemed to be in your possession, custody or control if it is in your physical custody, or if it is in the physical custody of any other person and you (i) own such document in whole or in part; (ii) have a right, by contract, statute, or otherwise to use, inspect, examine or copy such document on any terms; (iii) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (iv) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

4.      These instructions and the description of the items to be produced are to be read and interpreted in accordance with the definitions set forth above.

5.      For the purposes of reading, interpreting, or construing the scope of these items to be produced, the terms used shall be given their most expansive and inclusive interpretation.

6.      Unless instructed otherwise, each item to be produced shall be construed independently and not by reference to any other request for the purpose of limitation.

7.      Defined terms may be capitalized for convenience; the definitions herein apply whether or not the term is capitalized.

8.      If any portion of any document is responsive to any item to be produced, then the entire document must be produced.  If any requested item to be produced cannot be produced in full, please produce the document to the extent possible, specifying each reason for your inability to produce the remainder of the document.

9.      All documents must be produced in their entirety, including all attachments, appendices, exhibits and enclosures, and in their original folder, binder, or other cover or container unless that is not possible.  Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document.  Oversize figures and drawings must be produced in their entirety.

10.     Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, documents shall be produced in the order in which they appear in your files or shall be organized and labeled to correspond to the categories of the items to be produced.  If a document to be produced is responsive to more than one item, that document shall be labeled to correspond to each item to which it is responsive.  Documents shall not be shuffled or otherwise rearranged.  Documents that were stapled, clipped, or otherwise fastened together in their original condition shall be produced in such form as to indicate the original grouping.

11.     You have a duty to conduct a reasonable investigation to locate and produce the items to be produced.

12.     If You withhold any document under a claim of privilege, immunity, or protection, including the attorney-client privilege or work product doctrine, You shall provide a written privilege log that sets forth the information required by Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2.

13.     If, with respect to any item to be produced, there are no responsive documents, so state in writing.

14.     When a document or communication has been identified, but is alleged to be no longer in your possession, custody, or control, you are required to identify the location of the document or communication, and the individual or individuals, including the responding party's counsel, having possession, custody, or control over the document or communication.     No documents or communications called for by this Subpoena shall be destroyed, modified, removed, transferred, or otherwise made inaccessible.  If you have knowledge that a responsive document or communication has been destroyed, discarded or lost, identify in a sworn affidavit the document and/or communication and provide an explanation of the destruction, discarding, loss, or disposal; the date at which the document and/or communication was destroyed, discarded, or lost; the method in which it was destroyed or discarded; and for what purpose it was destroyed or discarded.

15.     If you object to any part of any item to be produced, you shall state fully the nature of the objection, in writing, and shall nonetheless comply fully with the other parts of the item to be produced not objected to.

16.     These requests are continuing in nature. If, after producing any documents in response to these requests, You obtain or become aware of additional responsive information or documents, You should provide such information or documents by way of a supplemental production.

## ITEMS TO BE PRODUCED

**Request No. 1:**     All documents and communications concerning the acquisition, merger, transaction(s) and/or partnership by and between Bertin and JBS to include, but not limited to: (1) the valuation of Bertin; (2) investments in Bertin; and (3) the transfer of equity, stock, and/or interest by and between Bertin and JBS.

**Request No. 2:**     All documents and communications concerning payments made to the Brazilian Workers' Party and/or Guido Montega by Joesley Batista, Wesley Batista, JBS, Blessed Holdings LLC, Blessed Holdings Inc., Blessed Holdings Cayman, Lighthouse Capital Insurance Co. and/or US Commonwealth Life.

**Request No. 3:**     All documents and communications concerning JPMC account number W2071007.

**Request No. 4:**     All documents and communications concerning Blessed Holdings LLC including, but not limited to: (a) JPMC account number W2071007; (b) communications by and between JPMC and/or Blessed Holdings LLC and/or Joesley Batista and/or Wesley Batista and/or JBS; (c) all financial statements, bank statements, accounting records, and financial reports of Blessed Holdings LLC; (d) corporation formation records and filings of Blessed Holdings LLC; (e) transfers of funds into and out of the financial and/or bank accounts of Blessed Holdings LLC; (f) those concerning Formentera Holdings and/or Mustique Enterprises; (g) those concerning Marcus Vinicus Pratini de Moraes and/or Patricia Pratini De Moraes; (h) those concerning Nova Holding; and (i) those concerning the Blessed Holdings LLC acquiring equity, stock and/or other interest in JBS.

**Request No. 5:**     All documents and communications concerning Blessed Holdings Inc. including, but not limited to: (a) communications by and between JPMC and/or Blessed Holdings Inc. and/or Joesley Batista and/or Wesley Batista and/or JBS; (b) all financial statements, bank statements, accounting records, and financial reports of Blessed Holdings Inc.; (c) corporation formation records and filings of Blessed Holdings Inc.; (d) transfers of funds into and out of the financial and/or bank accounts of Blessed Holdings Inc.; (e) those concerning Formentera Holdings and/or Mustique Enterprises; (f) those concerning Marcus Vinicus Pratini de Moraes and/or Patricia Pratini De Moraes; (g) those concerning Nova Holding; and (h) those concerning Blessed Holdings Inc. acquiring equity, stock and/or interest in JBS.

**Request No. 6:**      All documents and communications concerning Blessed Holdings Cayman including, but not limited to: (a) communications by and between JPMC and/or Blessed Holdings Cayman and/or Joesley Batista, Wesley Batista, and/or JBS; (b) all financial statements, bank statements, accounting records, and financial reports of Blessed Holdings Cayman; (c) corporation formation records and filings of Blessed Holdings Cayman; (d) transfers of funds into and out of the financial and/or bank accounts of Blessed Holdings Cayman; (e) those concerning Formentera Holdings and/or Mustique Enterprises; (f) those concerning to Marcus Vinicus Pratini de Moraes and/or Patricia Pratini De Moraes; (g) those concerning Nova Holding; and (h) those concerning Blessed Holdings Cayman acquiring equity, stock and/or interest in JBS.

**Request No. 7:**      All documents and communication concerning Lighthouse Capital Insurance Co. to include, but not limited to: (a) any and all stock purchase agreements by and between Lighthouse Capital Insurance Co. and/or US Commonwealth Life, Joesley Batista, Wesley Batista, and/or JBS; (b) all wire transfers to and/or from Lighthouse Capital Insurance Co. relating to Joesley Batista, Wesley Batista, and/or JBS; (c) all promissory notes by and between Lighthouse Capital Insurance Co. and/or Joesley Batista and/or Wesley Batista and/or JBS; (d) all insurance policies and beneficiary designations for any and all insurance policies concerning Joesley Batista and/or Wesley Batista and/or JBS; and (e) any and all donations of Blessed Holdings LLC and/or Blessed Holdings Inc. and/or Blessed Holdings Cayman made to Lighthouse Capital Insurance Co.

**Request No. 8:**      All documents and communications concerning US Commonwealth Life to include, but not limited to: (a) any and all stock purchase agreements by and between US Commonwealth Life and/or Lighthouse Capital Insurance Co., Joesley Batista, Wesley Batista, and/or JBS; (b) all wire transfers to and/or from US Commonwealth Life relating to Joesley Batista, Wesley Batista, and/or JBS; (c) all promissory notes by and between US Commonwealth Life and/or Joesley Batista and/or Wesley Batista and/or JBS; (d) all insurance policies and beneficiary designations for any and all insurance policies concerning Joesley Batista and/or Wesley Batista and/or JBS; and (e) any and all donations of Blessed Holdings LLC and/or Blessed Holdings Inc. and/or Blessed Holdings Cayman made to US Commonwealth Life.

**Request No. 9:**      All documents and communications concerning Formentera Holdings and/or Mustique Enterprises, including, but not limited to, all financial statements, bank statements, accounting records, and financial reports.