quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7150**

February 4, 2020

WRITER'S EMAIL ADDRESS
**michaelcarlinsky@quinnemanuel.com**

<u>VIA ECF</u>

Hon. Katherine Polk Failla,
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

Re:   *In Re Application of Mauricio Mota,* Case No. 1:19-mc-00573-KPF (S.D.N.Y.)

Dear Judge Failla:

We represent Wesley Mendonça Batista, Joesley Mendonça Batista, J&F Investimentos S.A., JBS S.A., and Pinheiros Fundo De Investimento Em Participações (collectively, "Proposed Intervenors").  We write to request a pre-motion conference regarding Proposed Intervenors' anticipated motion to intervene in these proceedings and an anticipated motion to vacate this Court's January 3, 2020 order and quash the subpoenas issued, or alternatively, to request that the Court approve the enclosed stipulation and proposed order permitting their intervention and setting a briefing schedule on the anticipated motion.  Applicant Mauricio Mota consents to Proposed Intervenors' intervention in this proceeding.

As set forth below, Proposed Intervenors should be permitted to intervene here as a matter of right and also as a matter of the Court's discretion under Federal Rule of Civil Procedure 24. Proposed Intervenors timely intervene and have a direct legal interest in the subject matter of this proceeding because Applicant seeks documents concerning them and intends to use the evidence obtained here in a foreign action against them.  Further, Proposed Intervenors' interests are not otherwise represented because no other party has appeared, nor does any other party have the same interest in protecting Proposed Intervenors' confidentiality and privilege.

I.      **Background**

Mr. Mota commenced this action on December 13, 2019, and on January 3, 2020, this Court issued an *ex parte* order (the "Order") permitting discovery pursuant to 28 U.S.C. § 1782 from respondents J.P. Morgan Chase & Co., Fabio Pegas, Patricia Pratini de Moraes, and Blessed Holdings, Inc. (collectively, "Respondents"), purportedly in aid of foreign proceedings in Brazil, to which Proposed Intervenors are defendants. ECF 7.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Proposed Intervenors seek leave to intervene in this action to move to vacate the Order and to quash the subpoenas issued to Respondents by bringing to the Court's attention facts and objective evidence that demonstrate that the Applicant's 1782 application fails to meet the required statutory and discretionary standards. On January 21, 2020, Proposed Intervenors requested the Applicant's consent to their intervention and Applicant consented on January 31, 2020.

## II.     Proposed Intervenors Should Be Permitted to Intervene As Of Right

Federal Rule 24(a)(2) authorizes intervention as of right if (1) the application is timely; (2) the applicant for intervention claims an interest relating to the property or transaction that is the subject of the action; (3) without intervention, the protection of that interest may be practically impaired or impeded by the disposition of the action; and (4) that interest is not adequately represented by the existing parties. *See United States v. New York*, 820 F.2d 554, 556 (2d Cir. 1987). "A motion to intervene as a matter of right . . . should not be dismissed unless it appears to a certainty that the intervener is not entitled to relief under any set of facts." *Bay Casino, LLC v. M/V Royal Empress*, 199 F.R.D. 464, 467 (E.D.N.Y. 1999). Courts routinely grant intervention as of right in cases involving requests for judicial assistance under 28 U.S.C. § 1782. *See*, *e.g.*, *In re Republic of Kazakhstan for an Order Directing Discovery from Clyde & Co. LLP Pursuant to 28 U.S.C. § 1782,* 110 F. Supp. 3d 512, 514 (S.D.N.Y. 2015).

*First,* Proposed Intervenors' intervention is timely. The timeliness of a motion to intervene is committed to the discretion of the district court and must be based on all circumstances of the case. *See In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 WL 13647606, at *3 (S.D.N.Y. Sept. 17, 2015) (finding motion to intervene timely where non-party filed a motion within a month of discovering the 1782 proceedings). Proposed Intervenors proposed intervention follows about a month after the Court granted the application on January 3, 2020. In fact, because the application was *ex parte* and Proposed Intervenors are not Respondents, they were not even aware of it until a respondent in a parallel proceeding in the District of Delaware informed them of it. Proposed Intervenors' intervention will also not delay or prejudice the adjudication of rights because Respondents have not yet commenced production.

*Second*, Proposed Intervenors have a "direct, substantial, and legally protectable" interest in the discovery because Applicant seeks documents from Respondents relating to Proposed Intervenors, to be purportedly used *against* Proposed Intervenors in the proceeding in Brazil. *See United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001). Indeed, the authorized subpoenas seek discovery from Respondents that relate to the acquisition of Bertin S.A. by JBS S.A., which directly involves Proposed Intervenors' interests. It is black-letter law that "a part[y] against whom the requested information will be used . . . has standing to challenge the issuance of § 1782 subpoenas under the Rules of Civil Procedure and under the statute itself." *In re Hornbeam Corp.*, 2015 WL 13647606 at *3. Furthermore, your Honor granted the application "without prejudice" to assert objections in relation to the subpoena at a later time. ECF 7 at 3.

*Third,* without intervention, Proposed Intervenors' interests could be practically impeded by the disposition of the action because an adverse decision could result in the disclosure of confidential and privileged information as well as compromise confidential business records, causing irreparable harm. *See Sackman v. Liggett Grp., Inc.*, 167 F.R.D. 6, 21 (E.D.N.Y. 1996) (Rule 24(a)(2) intervention for movants granted to assert privilege because the court was unwilling

to "force the movants to risk losing confidential documents, without them ever being afforded an opportunity to protect that information").

*Fourth,* Proposed Intervenors can meet its "minimal burden" to show that Respondents' representation of Proposed Intervenors interests "may be" inadequate. *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538 n.10 (1972); *LaRouche v. FBI,* 677 F.2d 256, 258 (2d Cir. 1982). The Respondents have not opposed the Applicant's 1782 application or moved to quash the subpoenas so there is currently no other representation on which Proposed Intervenors could rely. *In re Hornbeam Corp.*, 2015 WL 13647606, at *3 (no adequate representation where respondents "have not moved to quash them" and "have not shown any interest in doing so"). Even if they had, the Respondents do not have the same stake in protecting Proposed Intervenors' interests, privileges, and confidentiality since the documents sought will not be used against them in the foreign proceeding.

### III. Alternatively, Proposed Intervenors Should Be Permitted to Intervene on the Court's Discretion

Alternatively, Proposed Intervenors should be allowed to permissively intervene because they have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is "to be liberally construed" in favor of intervention. *Degrafinreld v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006).

Proposed Intervenors' interest in protecting themselves against the inappropriate disclosure of documents to be used against them in the foreign proceeding in Brazil, and the lack of any opposition to the application provide compelling reasons for the Court to allow Proposed Intervenors to permissively intervene to move to vacate the Order and/or quash the enforcement of the subpoenas as authorized. Indeed, courts have routinely granted motions to intervene in 28 U.S.C. § 1782 proceedings under Federal Rule 24(b). *See, e.g., In re Hornbeam Corp.*, 2015 WL 13647606 at *3 (granting motion to permissively intervene in 28 U.S.C. § 1782 proceeding).

### IV. Proposed Next Steps

Given Applicant's consent and the grounds noted above, the Proposed Intervenors respectfully request that this Court grant their request to intervene without further briefing. Should the Court agree, Applicant and Proposed Intervenors have already conferred and submit a proposed stipulation and order for the Court's approval on the briefing schedule for the Proposed Intervenors' motion to quash the subpoenas and vacate the Order. Applicant has also agreed to stay enforcement of the subpoenas pending resolution of Proposed Intervenors' anticipated motion, provided that the Respondent accepts service thereof and agrees to a similar stay.

Respectfully submitted,

Michael B. Carlinsky